IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00227-WYD-MJW

PARKE-BELL LTD., INC.,

Plaintiff,

v.

BOBBI TAYLOR d/b/a A TOUCH OF CLASS INTERIORS,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

The Pro Se Defendant Bobbie Taylor has filed a handwritten document with this court captioned "Motion" (docket no. 10) and this court has throughly and carefully reviewed this document. In reviewing this document, in a light most favorable to the Pro Se Defendant, I find that the Pro Se Defendant's document is actually an Answer and a proposed Counterclaim to the Complaint pursuant to Fed. R. Civ. P. 7 (a)(3). However, such document does not fully comply with Fed. R. Civ. P. 7. Accordingly, the Clerk of Court is ORDERED to docket this "Motion" (docket no. 10) as the Pro Se Defendant's Answer and Counterclaim and delete such "Motion" (docket no. 10) from the current motions list.

Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986). It is not the proper function of the district court to assume the role of advocate for the pro se litigant. Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

It is FURTHER ORDERED that the Pro Se Defendant shall file with this court an Amended Answer and Counterclaim consistent with Fed. R. Civ. P. 7 (a)(3) on or before March 29, 2013. The Pro Se Defendant's Amended Answer must address each averment within the Plaintiff's Complaint (docket no. 1). In addition, the Pro Se Defendant's Counterclaim(s) must be plead with more specificity as to the type of Counterclaim(s) being brought, the factual averments that support such

Counterclaim(s), the law that the Pro Se Defendant is relying upon to prosecute such Counterclaim(s), and lastly the specific damages the Pro Se Defendant is seeking on her Counterclaim(s).

Date: March 6, 2013